IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **DEAN PATRICK MCDERMOTT**, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 19-4229-KSM |

## ORDER

**AND NOW**, this 24th day of June, 2022, it is hereby **ORDERED** as follows:

1. Upon consideration of Defendants' Motion to Preclude Evidence on the Timing of Prospectus Delivery (Doc. No. 82) and Plaintiff's Opposition to Defendants' Motion to Preclude Evidence on the Timing of Prospectus Delivery (Doc. No. 99), it is hereby ordered that Defendants' Motion to Preclude Evidence on the Timing of Prospectus Delivery (Doc. No. 82) is **DENIED**.

2. Upon consideration of Defendants' Motion in Limine to Preclude Plaintiff from Introducing Irrelevant Brokerage Account Documents (Doc. No. 83) and Plaintiff's Opposition to Defendants' Motion in Limine to Preclude Plaintiff from Introducing Irrelevant Brokerage Account Documents (Doc. No. 100), it is hereby ordered that Defendants' Motion in Limine to Preclude Plaintiff from Introducing Irrelevant Brokerage Account Documents (Doc. No. 83) is **GRANTED**.

3. Upon consideration of Defendants' Motion in Limine to Preclude Evidence Referencing Commission and Judicial Opinions (Doc. No. 84) and Plaintiff's Opposition to Defendants' Motion in Limine to Preclude Evidence Referencing Commission and Judicial

Opinions (Doc. No. 102), it is hereby ordered that Defendants' Motion in Limine to Preclude Evidence Referencing Commission and Judicial Opinions (Doc. No. 84) is **GRANTED**.

4. Upon consideration of Defendants' Motion in Limine to Preclude Plaintiff from Introducing Certain Evidence or Testimony Related to Dean McDermott's Ph.D. from LaSalle University (Doc. No. 85), Plaintiff's Opposition to Defendants' Motion in Limine to Preclude Plaintiff from Introducing Certain Evidence or Testimony Related to Dean McDermott's Ph.D. from LaSalle University (Doc. No. 101), and Plaintiff's Supplemental Submission in Further Support of Its Opposition to Defendants' Motion in Limine to Preclude Plaintiff from Introducing Certain Evidence or Testimony Related to Dean McDermott's Ph.D. from LaSalle University (Doc. No. 107), it is hereby ordered that Defendants' Motion in Limine to Preclude Plaintiff from Introducing Certain Evidence or Testimony Related to Dean McDermott's Ph.D. from LaSalle University (Doc. No. 85) is **GRANTED**.

5. Upon consideration of Defendants' Motion to Preclude Evidence and References Related to Settlement Orders (Doc. No. 86) and Plaintiff's Opposition to Defendants' Motion to Preclude Evidence and References Related to Settlement Orders (Doc. No. 102), it is hereby ordered that Defendants' Motion to Preclude Evidence and References Related to Settlement Orders (Doc. No. 86) is **GRANTED**.

6. Upon consideration of Plaintiff's Motion in Limine to Preclude Testimony Containing Legal Conclusions and Misstating the Law Concerning an Investment Adviser's Duty to Act in Clients' Best Interests and to Seek Best Execution (Doc. No. 87) and Defendants' Response to Plaintiff's Motion in Limine to Preclude Testimony Containing Legal Conclusions and Misstating the Law Concerning an Investment Adviser's Duty to Act in Clients' Best Interests and to Seek Best Execution (Doc. No. 96), it is hereby ordered that Plaintiff's Motion in

Limine to Preclude Testimony Containing Legal Conclusions and Misstating the Law Concerning an Investment Adviser's Duty to Act in Clients' Best Interests and to Seek Best Execution (Doc. No. 87) is **GRANTED IN PART** and **DENIED IN PART**.

7. Upon consideration of Plaintiff's Motion in Limine to Preclude Evidence and Argument About Examinations Conducted by Other Entities (Doc. No. 88) and Defendants' Opposition to Plaintiff's Motion in Limine to Preclude Evidence and Argument About Examinations Conducted by Other Entities (Doc. No. 95), Plaintiff's Motion in Limine to Preclude Evidence and Argument About Examinations Conducted by Other Entities (Doc. No. 88) is **GRANTED IN PART** and **DENIED IN PART**.

8. Upon consideration of Plaintiff's Motion in Limine to Preclude Argument, Testimony, or Other Evidence Relating to Internal SEC Communications or the SEC Examination Process (Doc. No. 89) and Defendants' Response to Plaintiff's Motion in Limine to Preclude Argument, Testimony, or Other Evidence Relating to Internal SEC Communications or the SEC Examination Process (Doc. No. 94), it is hereby ordered that Plaintiff's Motion in Limine to Preclude Argument, Testimony, or Other Evidence Relating to Internal SEC Communications or the SEC Examination Process (Doc. No. 89) is **DENIED**.  The Court reserves its ruling on the admissibility of the draft examination findings letters.  The Commission **SHALL** produce the policies and procedures governing the examination process in effect during the Relevant Period, and such policies and procedures will be admissible at trial.

9. Upon consideration of Plaintiff's Motion in Limine to Preclude Argument, Testimony, or Other Evidence Relating to Events Occurring After the Relevant Period (2013-2014) (Doc. No. 90) and Defendants' Opposition to Plaintiff's Motion in Limine to Preclude Argument, Testimony, or Other Evidence Relating to Events Occurring After the Relevant

Period (2013-2014) (Doc. No. 97), it is hereby ordered that Plaintiff's Motion in Limine to Preclude Argument, Testimony, or Other Evidence Relating to Events Occurring After the Relevant Period (2013-2014) (Doc. No. 90) is **DENIED**.

10. Upon consideration of Plaintiff's Motion in Limine to Treat Certain Witnesses as Adverse Parties (Doc. No. 91) and Defendants' Response to Plaintiff's Motion in Limine to Treat Certain Witnesses as Adverse Parties (Doc. No. 98), it is hereby ordered that Plaintiff's Motion in Limine to Treat Certain Witnesses as Adverse Parties (Doc. No. 91) is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** that the objections to specific exhibits contained in the parties' pretrial memoranda (Docs. No. 103 & 104), are **GRANTED IN PART** and **DENIED IN PART**, as detailed in Appendices A and B to this Order.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
_____
**KAREN SPENCER MARSTON, J.**

# APPENDIX A

**The Court's Rulings on Defendants' Objections to the Commission's Exhibits**

| Exhibit | Document | Objection | Ruling |
|---|---|---|---|
| 25 | Investigative Testimony of Charles Bowers, dated December 18, 2018 | Fed. R. Evid. 802 | *See* Order on Deposition Designations (forthcoming) |
| 26 | Investigative Testimony of Daniel Nemeth, dated December 18, 2018 | Fed. R. Evid. 802 | *See* Order on Deposition Designations (forthcoming) |
| 29 | Deposition Testimony of Kathleen McDermott, dated July 24, 2020 | Fed. R. Evid. 802 | *See* Order on Deposition Designations (forthcoming) |
| 30 | Deposition Testimony of Ara Jabrayan, dated November 5, 2020 | Fed. R. Evid. 802 | *See* Order on Deposition Designations (forthcoming) |
| 31 | Declaration of Ara Jabrayan, dated September 9, 2019 | Fed. R. Evid. 802 | **SUSTAINED** |
| 73 | *In re Arleen W. Hughes*, 27 S.E.C. 629 (1948) | Fed. R. Evid. 403 | **SUSTAINED** |
| 74 | *Securities and Exchange Commission v. Capital Gains Research Bureau, Inc.*, No. 84 S. Ct. 275 (1963) | Fed. R. Evid. 403 | **SUSTAINED** |
| 75 | *In re Kidder, Peabody & Co., Inc.*, 43 S.E.C. 911 (1968) | Fed. R. Evid. 403 | **SUSTAINED** |
| 76 | *Geman v. Securities and Exchange Commission*, 334 F.3d 1183 (10th Cir. 2003) | Fed. R. Evid. 403 | **SUSTAINED** |
| 77 | *In re IFG Network Securities, Inc.*, S.E.C. Release No. 2533 (2006) | Fed. R. Evid. 403 | **SUSTAINED** |
| 82 | *In re Manarin Investment Counsel, Ltd.*, S.E.C. Release No. 33-9462, *et al.* (2013) | Fed. R. Evid. 403 | **SUSTAINED** |
| 83 | *In re Montford & Co., Inc.*, S.E.C. Release No. 3829 (2014) | Fed. R. Evid. 403 | **SUSTAINED** |
| 84 | *In re Donald L. Koch*, SEC Release No. 3836, *et al.* (2014) | Fed. R. Evid. 403 | **SUSTAINED** |
| 85 | NASD Notice to Members: Unit Investment Trust Sales, dated March 2004 | Fed. R. Evid. 403 | **SUSTAINED** |

| Exhibit | Document | Objection | Ruling |
|---|---|---|---|
| 86 | "FINRA Fines Wachovia Units More than $4.5 Million for Failures Relating to Trust and Mutual Fund Sales," dated February 12, 2009 | Fed. R. Evid. 403 | **SUSTAINED** |
| 87 | "FINRA Orders Sun Trust Investment Services to Pay $1.44 Million for Unsuitable UIT, Closed-End Fund and Mutual Fund Transactions," dated July 22, 2010 | Fed. R. Evid. 403 | **SUSTAINED** |
| 88 | "Merrill Lynch to Pay More than $2.5 Million Related to UIT Sales Charge Discount Failures," dated August 18, 2010 | Fed. R. Evid. 403 | **SUSTAINED** |
| 89 | Indictment, *United States v. Thomas J. Kirk* | Fed. R. Evid. 403 | **SUSTAINED** |
| 90 | Factual Basis, *United States v. Thomas J. Kirk* | Fed. R. Evid. 403 | **SUSTAINED** |
| 91 | Letter from Richard W. Westling to the Hon. Martin L.C. Feldman regarding *United States v. Thomas J. Kirk*, dated November 1, 1996 | Fed. R. Evid. 403 | **SUSTAINED** |
| 92 | Expert Report of Marti P. Murray, dated December 18, 2020 | *Daubert* | *See* Order on *Daubert* Motions |
| 93 | Expert Rebuttal Report of Marti P. Murray, dated January 15, 2021 | *Daubert* | *See* Order on *Daubert* Motions |
| 108 | "Management Fee Rate Changes for Individual Accounts, Q1 2013 – Q4 2014" | Fed. R. Evid. 403 | **OVERRULED** |
| 109 | "Portion of Accounts Always Charged Less than Schedule Advisory Fee Rate (2013 – 2014)" | Fed. R. Evid. 403 | **OVERRULED** |

# APPENDIX B

**The Court's Rulings on the Commission's Objections to Defendants' Exhibits**

| Exhibit | Document | Objection | Ruling |
|---|---|---|---|
| 201 | MIS Certificate of Organization-Domestic Limited Liability Company | Fed. R. Evid. 403 | **OVERRULED** |
| 202 | MIA Certificate of Conversion and Articles of Organization | Fed. R. Evid. 403 | **OVERRULED** |
| 203 | MIA SEC Registration | Fed. R. Evid. 403 | **OVERRULED** |
| 204 | MIA–MIS Intercompany Sharing Agreement | Fed. R. Evid. 403 | **OVERRULED** |
| 232 – 266 | RBC Settlement Statements (Commission Run), dated monthly from February 2015 – December 2016 | Fed. R. Evid. 403 | **RULING RESERVED** |
| 268 – 273 | RBC Best Execution "Regular and Rigorous Review for Q1 2013 – Q4 2014 | Fed. R. Evid. 403; Fed. R. Evid. 802 | **OVERRULED** |
| 276 | MIA Regular Discretionary Investment Advisory Agreement | Fed. R. Evid. 403 | **OVERRULED** |
| 305 | RBC Prospectus Delivery Confirmation Reports | Fed. R. Evid. 802 | **OVERRULED** |
| 306 | RBC Reports Manual | Fed. R. Evid. 403 | **OVERRULED** as to slides regarding prospectus delivery; **SUSTAINED** otherwise[1] |
| 307 | FINRA, Report on the Examination of McDermott Investment Services, LLC, dated October 25, 2013 | Fed. R. Evid. 403 | **SUSTAINED** |
| 308 | Letter from Eugene Bleier, FINRA, to Dean McDermott, dated December 2, 2013 | Fed. R. Evid. 403 | **SUSTAINED** |
| 309 | Email from Dean McDermott to Ara Jabrayan re: "Regulatry [sic] Office Visit," dated April 29, 2014 | Fed. R. Evid. 403; Fed. R. Evid. 802 | **RULING RESERVED** |
| 310 | Email from Dean McDermott to Mike Burnidge re: "Phone Call," dated July 11, 2014 | Fed. R. Evid. 403; Fed. R. Evid. 802 | **RULING RESERVED** |
| 311 | Email from Dean McDermott to Mike Burnidge re: "Commissions discussions," dated July 15, 2014 | Fed. R. Evid. 403; Fed. R. Evid. 802 | **RULING RESERVED** |
| 312 | Letter from Caroline Holmes, Florida Office of Financial Regulation, to Dean McDermott, dated July 14, 2015 | Fed. R. Evid. 403 | **OVERRULED** |

---

[1] The Court encourages the parties to stipulate to the facts and timing of prospectus delivery.

1

| Exhibit | Document | Objection | Ruling |
|---|---|---|---|
| 313 | Email from Mark Fowler to Karen Ackerman, *et al.*, re: "McDermott," dated December 4, 2013 | Fed. R. Evid. 403 | **OVERRULED** |
| 314 | Email from Cesar Davis to Mark Fowler, *et al.*, re: "McDermott Investment Services, LLC," dated December 3, 2013 | Fed. R. Evid. 403 | **OVERRULED** |
| 319 | Email from Mark Fowler to Karen Ackerman, *et al.*, re: "McDermott Investment Services," dated December 19, 2013 | Fed. R. Evid. 403 | **OVERRULED** |
| 321 | Mark Fowler Handwritten Notes re: "McDermott Investment" | Fed. R. Evid. 403; Fed. R. Evid. 802 | **OVERRULED** |
| 322 | Email from Mark Fowler to Karen Ackerman re: "McDermott Investment Services," dated January 3, 2014 | Fed. R. Evid. 403 | **OVERRULED** |
| 323 | Email from Mark Fowler to Diane Hagy re: "McDermott Examination UIT Case," dated February 11, 2014 | Fed. R. Evid. 403 | **OVERRULED** |
| 325 | Email from Mark Fowler to Karen Ackerman re: "McDermott," dated March 7, 2014 | Fed. R. Evid. 403 | **OVERRULED** |
| 328 | Email from Mark Fowler to Diane Hagy re: "McDermott," dated April 9, 2014 | Fed. R. Evid. 403 | **OVERRULED** |
| 329 | Email from Mark Fowler to Diane Hagy re: "McDermott Investment Securities," dated April 14, 2014 | Fed. R. Evid. 403 | **OVERRULED** |
| 331 | Draft letter from Diane Hagy to Dean McDermott re: "Examination of: McDermott Investment Services, LLC," dated August XX, 2014 | Fed. R. Evid. 403; Fed. R. Evid. 802 | **RULING RESERVED** |
| 332 | Draft letter from Diane Hagy to Dean McDermott re: "Examination of: McDermott Investment Services, LLC," dated August XX, 2014 | Fed. R. Evid. 403; Fed. R. Evid. 802 | **RULING RESERVED** |
| 333 | Email from Mark Fowler to Karen Ackerman re: "McDermott," dated September 17, 2014 | Fed. R. Evid. 403 | **OVERRULED** |
| 334 | Email from Paul Lapinski to Dean McDermott re: "Follow-up request from Examination – December 2013," dated October 10, 2014 | Fed. R. Evid. 403 | **OVERRULED** |

| Exhibit | Document | Objection | Ruling |
|---|---|---|---|
| 335 | "Examination Information for Broker-Dealers, Transfer Agents, Clearing Agencies, Investment Advisers, and Investment Companies"[2] | Fed. R. Evid. 403 | **SUSTAINED** |
| 336 | Email from Mark Fowler to Karen Ackerman re: "McDermott," dated December 15, 2014 | Fed. R. Evid. 403 | **OVERRULED** |
| 337 | Email from Paul Lapinski to Mark Fowler re: "McDermott Sarkauskas proceeding," dated February 20, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 338 | Letter from Diane Hagy to Dean McDermott re: "Examination of McDermott Investment Services, LLC," dated January 6, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 339 | Email from Karen Ackerman to Mark Fowler re: "McDermott," dated January 9, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 340 | Letter from Dean McDermott to Diane Hagy re: "Examination of; McDermott Investment Services," received February 3, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 341 | Email from Mark Fowler to Diane Hagy re: "McDermott response – update," dated February 4, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 342 | "Significant Exam Findings: McDermott Investment Services, LLC and McDermott Investment Advisors, LLC" | Fed. R. Evid. 403 | **OVERRULED** |
| 343 | Email from Mark Fowler to Paul Lapinski re: "McDermott," dated February 20, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 344 | Email from Karen Ackerman to Mark Fowler re: "McDermott," dated February 19, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 345 | Email from Karen Ackerman to Mark Fowler re: [redacted], dated March 24, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 346 | Email from Diane Hagy to Karen Ackerman, *et al.*, re: "McDermott KPI," dated March 31, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 347 | Email from Diane Hagy to Brian Sniveley, *et al.*, re: "PLRO McDermott KPI.docx," dated April 7, 2015 | Fed. R. Evid. 403 | **OVERRULED** |

---

[2] To the extent the Commission is unable to produce a document showing the policies and procedures in effect during the Relevant Period, Defendants may move to introduce Exhibit 335 at trial.

3

| Exhibit | Document | Objection | Ruling |
|---|---|---|---|
| 348 | Email from Karen Ackerman to Mark Fowler re: "Questions re McDermott," dated April 9, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 349 | Email from Mark Fowler to Karen Ackerman re: "McDermott – material requests," dated April 9, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 350 | Email from Karen Ackerman to Mark Fowler re: "Call on McDermott," dated April 9, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 351 | Email from Karen Ackerman to Mark Fowler re: "McDermott," dated April 9, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 352 | Email from Mark Fowler to Karen Ackerman re: "McDermott," dated April 13, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 353 | Email from Diane Hagy to Mark Fowler re: "BD Staff Meeting," dated April 30, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 354 | Email from Karen Ackerman to Mark Fowler re: [redacted], dated May 1, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 355 | Email from Karen Ackerman to Diane Hagy re: "Thursday – McDermott," dated May 15, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 356 | Email from Diane Hagy to Karen Ackerman re: "McDermott," dated May 18, 2015 | Fed. R. Evid. 403 | **OVERRULED** |
| 359 | Notes re: "McDermott Investment Services, LLC" | Fed. R. Evid. 403 | **OVERRULED** |
| 360 | Joint Rule 26(f) Report | Fed. R. Evid. 403 | **SUSTAINED** |
| 361 | Plaintiff's Initial Disclosures | Fed. R. Evid. 403 | **SUSTAINED** |
| 362 | Plaintiff Securities and Exchange Commission's Statement of Undisputed Facts in Support of its Motion for Summary Judgment | Fed. R. Evid. 403 (with exception of undisputed facts) | **SUSTAINED** |
| 363 | Defendants' and Relief Defendant's Statement of Additional Facts that Preclude Summary Judgment | Fed. R. Evid. 403 (with exception of undisputed facts) | **SUSTAINED** |
| 364 | Plaintiff's Response to Defendants' and Relief Defendant's Statement of Additional Facts | Fed. R. Evid. 403 (with exception of undisputed facts) | **SUSTAINED** |
| 365 | Sales Charges Analysis (2013 – 2014) | Fed. R. Evid. 403 | **OVERRULED** |
| 366 | Sales Charges Analysis (2013 – 2017) | Fed. R. Evid. 403 | **SUSTAINED** |