IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **DEAN PATRICK MCDERMOTT**, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 19-4229-KSM |

## FINAL JUDGMENT AS TO DEFENDANT DEAN PATRICK MCDERMOTT

**AND NOW**, this 28th day of October, 2022, following a jury trial in which the jury returned a verdict on July 12, 2022, for Plaintiff Securities and Exchange Commission (the "Commission") finding that Defendants McDermott Investment Advisors, LLC ("MIA") and Dean Patrick McDermott (together, "Defendants") violated Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 and McDermott aided and abetted MIA's violations of Sections 206(1) and 206(2) (Doc. No. 139), and upon consideration of the Commission's Motion for Final Judgments Against Defendants (Doc. No. 149) and Defendants' response in opposition thereto (Doc. No. 152), the Court now enters judgment against McDermott as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that McDermott is liable for (1) disgorgement of **$143,379.33**, together with prejudgment interest thereon in the amount of **$50,983.60**, jointly and severally with Defendant MIA and Relief Defendant McDermott Investment Services, LLC; and (2) a civil penalty in the amount of **$50,000.00** pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. McDermott shall deposit the total

amount of disgorgement, prejudgment interest, and civil penalty with the Court, consistent with Federal Rule of Civil Procedure 67.  By making this payment, MIA relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to MIA.  The funds deposited with the Court may be disbursed only pursuant to an Order of the Court.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.  McDermott shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that disgorgement, prejudgment interest, and the civil penalty under this Final Judgment is a debt arising from McDermott's violation of the federal securities laws or any regulation or order issued under such laws, as detailed in 11 U.S.C. § 523(a)(19).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment, as well as for the purposes of the administration of any distribution of the funds deposited with the Court.

IV.

There being no just reason for delay, pursuant to Federal Rule of Civil Procedure 54(b), the **CLERK OF COURT** is **ORDERED** to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.